1  JOHN E. FITZSIMMONS (Bar No. 182467)
2  AMY E. BECKSTEAD (Bar No. 216422)
   **DLA PIPER US LLP**
3  401 B Street, Suite 1700
   San Diego, CA 92101-4297
   Tel: 619-699-2972
4  Fax: 619-699-2701
   *john.fitzsimmons@dlapiper.com*
5  *amy.beckstead@dlapiper.com*

6  Attorneys for Defendant
   UNITED AIR LINES, INC. (erroneously sued as
7  UNITED AIR LINES)

FILED

2008 AUG 29  AM 10: 47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____YMT_____DEPUTY

8
9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11  WEIDA HAYNES, an individual,        CASE NO. _____
                                        '08 CV 1587 JLS POR
12             Plaintiff,
                                        (San Diego Superior Court Case No. 37-
13        v.                            2008-00088798-CU-OE-CTL)

14  UNITED AIR LINES, a Delaware        **NOTICE OF REMOVAL OF CIVIL
    corporation; and DOES 1 - 20,       ACTION TO UNITED STATES
15  Inclusive,                          DISTRICT COURT BY DEFENDANT
                                        UNITED AIR LINES, INC.**
16             Defendants.
                                        Complaint:  July 31, 2008
17

18  TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

19  SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF WEIDA

20  HAYNES, AND TO HER ATTORNEYS OF RECORD, DOUGLAS E.

21  GEYMAN, AND THE LAW OFFICE OF DOUGLAS E. GEYMAN:

22        PLEASE TAKE NOTICE that Defendant United Air Lines, Inc. ("United")

23  (erroneously sued as United Air Lines) hereby removes the above-captioned action

24  from the Superior Court of the State of California for the County of San Diego to

25  the United States District Court for the Southern District of California, on the

26  grounds of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441,

27  and on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and

28  1446.  The grounds for removal are as follows:

-1-

DLA PIPER US LLP
SAN DIEGO

WEST\21489265.1
41043501-001050

CASE NO. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1.     On or about July 31, 2008, Plaintiff Weida Haynes ("Plaintiff") filed a Complaint For 1) Employment Discrimination-Disability; 2) Employment Discrimination-Failure to Accommodate; 3) Intentional Infliction of Emotional Distress; and 4) Negligent Infliction of Emotional Distress in the Superior Court of the State of California for the County of San Diego (the "Complaint") entitled, "Weida Haynes v. United Air Lines, and Does 1 - 20, Inclusive," designated as Case No. 37-2008-00088798-CU-OE-CTL (the "State Court Action").

2.     United first received notice of the State Court Action when it was served with Plaintiff's Complaint on August 1, 2008.

3.     The following pleadings constitute all the process, pleadings, and orders in this action to date of which Defendant is aware:

     (a)     A copy of the Complaint is attached as Exhibit A.

     (b)     A copy of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants/ADR Information Package, and Stipulation to Alternative Dispute Resolution Process, which were also served on Defendant on August 1, 2008, are attached as Exhibit B.

     (c)     A copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as Exhibit C.

4.     This Notice of Removal is timely, because it is being filed within 30 days of United's receipt of the Complaint on August 1, 2008, and within one (1) year of commencement of this action.

5.     This Court is the United States District Court for the district within which the State Court Action is pending.

6.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and which may be removed to this Court by Defendant under 28 U.S.C. section 1441(b) in that it alleges claims that arise under the federal Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*) (Ex. A, ¶¶ 11, 12, and 15). *See Weaver v. Florida Power & Light Co.,* 172 F.3d

-2-

DLA PIPER US LLP
SAN DIEGO

WEST\21489265.1
41043501-001050

CASE NO. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    771, 773, fn. 1 (11th Cir. 1999) (holding that "because [plaintiffs] complaint was

2    based on the federal Americans with Disabilities Act, the lawsuit raised a federal

3    question and removal pursuant to 28 U.S.C. Section 1441 was therefore proper").

4    Further, this Court has supplemental jurisdiction over the remaining state causes of

5    action under 28 U.S.C. section 1367(a).

6         7.    Plaintiff's Complaint does not specifically request an amount for

7    damages. However, she does assert claims for lost wages, emotional distress, and

8    punitive damages. "Where both actual and punitive damages are recoverable under

9    a complaint each must be considered to the extent claimed in determining

10    jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320

11    U.S. 238, 240 (1943); *see also, Simmons v. PCR Technology,* 209 F. Supp. 2d 1029,

12    1033 (N.D. Cal. 2002) (holding that "the amount in controversy may include

13    punitive damages when they are recoverable as a matter of law").

14         8.    Plaintiff has alleged two causes of action under the California Fair

15    Employment and Housing Act ("FEHA") and Americans with Disabilities Act for

16    disability discrimination and failure to accommodate. She has also asserted causes

17    of action for intentional infliction of emotional distress and negligent infliction of

18    emotional distress, based upon the same actions that underlie her FEHA and ADA

19    claims. In all these actions, Plaintiff requests the recovery of punitive damages.

20    (Ex. A, ¶¶ 21, 28, 36 and 43.) Because punitive damages are available under the

21    FEHA, this Court may consider punitive damages when determining the amount in

22    controversy. *Simmons,* 209 F. Supp. 2d at 1033. Moreover, as this Court

23    recognized in *Simmons,* jury verdicts from other similar cases in California "amply

24    demonstrate the potential for large punitive damage awards in employment

25    discrimination cases." *Id.* (referencing other California employment discrimination

26    cases, where the jury entered verdicts of $60,000, $121,000,000, and $40,000,000

27    in punitive damages). In this case, should Plaintiff prevail in her FEHA and ADA

28    claims and recover punitive damages, jury verdicts from other similar lawsuits

-3-

DLA PIPER US LLP
SAN DIEGO

WEST\21489265.1
41043501-001050

CASE NO. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    demonstrate that the punitive damages award would likely exceed $75,000.  Thus,

2    the $75,000 jurisdictional limit will be easily met, when considering the potential

3    punitive damages award, along with Plaintiff's indication she is seeking recovery of

4    $150,000 in damages.

5       9.    It is also facially apparent that plaintiff's FEHA, ADA, and common

6    law tort claims exceed $75,000, based on Plaintiff's claim for damages relating to

7    her loss of earnings (Ex. A, ¶¶ 18, 26, and 35), mental and physical damages

8    (Ex. A, ¶¶ 19, 27, 33, and 39), statutory attorneys' fees (Ex. A, ¶ 3 of prayer), and

9    punitive damages (Ex. A, ¶¶ 21, 28, 36 and 43).  *See, Simmons,* 209 F. Supp. 2d at

10   1035 (denying plaintiff's motion for remand, holding that it was facially apparent

11   that the employment discrimination claims contained in plaintiff's complaint, which

12   sought compensatory damages related to lost pay and mental distress, along with

13   punitive damages and attorneys' fees, exceeded the $75,000 jurisdictional limit).

14      10.   United is presently and was at the time of the commencement of this

15   suit, a citizen of the state of Delaware as provided in 28 U.S.C. § 1332(c), because

16   it was and is a corporation duly organized and validly existing under and pursuant

17   to the laws of the state of Delaware.

18      11.   United's principal place of business is in the state of Illinois because

19   United's executive, operational and administrative offices are located in Elk Grove

20   Township and Chicago, Illinois, and it employs the largest number of employees in

21   Illinois.  *Breitman v. May Co California,* 37 F.3d 562, 564 (9th Cir. 1994).  *See,*

22   *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 500 (9th Cir.

23   2001) (substantial predominance of business found in California, where company

24   had significantly more employees, manufacturing, retail locations and sales in

25   California than in any other state.)

26      12.   Other courts have previously determined that United's principal place

27   of business is Illinois.  *See, United Air Lines v. Mesa Air Lines,* 8 F.Supp.2d 796,

28   798 (N.D. Ill. 1998); *United Independent Flight Officers, Inc. v. United Air Lines,*

-4-

DLA Piper US LLP
San Diego

WEST\21489265.1
41043501-001050

CASE NO. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    756 F.2d 1262, 1270 (7th Cir. 1985); *United Independent Flight Officers, Inc. v.*
2    *United Air Lines*, 1983 WL 2082 (N.D. Ill. 1983); *but see Ghaderi v. United*
3    *Airlines, Inc.*, 136 F.Supp.2d 1041 (N.D. Cal. 2001); *Burgos v. United Airlines,*
4    *Inc.*, 2002 WL 102607 (N.D. Cal. 2002).

5    13.    Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)
6    as the amount in controversy exceeds $75,000 and diversity of citizenship exists
7    between the sole Defendant in this matter, United Air Lines, Inc. and Plaintiff, since
8    Plaintiff is a citizen of California and United Air Lines, Inc. is incorporated in
9    Delaware and has its principal place of business in Illinois.

10    14.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this
11    Notice of Removal will be given promptly to Plaintiff and, together with a copy of
12    the Notice of Removal, will be filed with the Clerk of the Superior Court of the
13    State of California, County of San Diego, in the State Court Action.

14    WHEREFORE, United removes to this Court the above action now pending
15    in the Superior Court of the State of California, County of San Diego, by timely
16    filing this Notice of Removal.

17

18    Dated: August 29 , 2008

19                                                     DLA PIPER US LLP

20

21    By␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
        JOHN E. FITZSIMMONS
22      AMY E. BECKSTEAD
        Attorneys for Defendant
23      UNITED AIR LINES, INC. (erroneously
        sued as UNITED AIR LINES)

24

25

26

27

28

-5-

DLA PIPER US LLP
SAN DIEGO

WEST\21489265.1
41043501-001050

CASE NO. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# TABLE OF CONTENTS

| Exhibit | Title | Page |
|---------|-------|------|
| A | Complaint | 6 |
| B | Summons, Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process | 14 |
| C | Answer to Plaintiff's Unverified Complaint | 20 |

**EXHIBIT A**

1  DOUGLAS E. GEYMAN (SBN: 159417)
   Law Office of Douglas E. Geyman
2  750 B Street, Suite 2635
   San Diego, CA 92101
3  Telephone: (619) 232-3533

4

5  Attorney for Plaintiff WEIDA HAYNES

**F I L E D**
**Clerk of the Superior Court**

**JUL 3 1 2008**

**By: L. McALISTER, Deputy**

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN DIEGO, CENTRAL DIVISION

10 | WEIDA HAYNES, an individual          )   CASE NO.: 37-2008-00088798-CU-OE-CTL

11 |                      Plaintiff,      )   Case Classification: General Civil

12 | v.                                   )   COMPLAINT FOR:

13 | UNITED AIR LINES, a Delaware         )   1)   Employment Discrimination - Disability;
   | corporation; and DOES 1 - 20,        )
14 | Inclusive,                           )   2)   Employment Discrimination - Failure to
   |                                      )        Accommodate;
15 |                      Defendants.     )
   |                                      )   3)   Intentional Infliction of Emotional
16 |                                      )        Distress; and
   |                                      )
17 |                                      )   4)   Negligent Infliction of Emotional
   |                                      )        Distress.
18 |                                      )
   |_____)        JURY TRIAL DEMANDED
19

20        COMES NOW Plaintiff WEIDA HAYNES ("HAYNES" or "Plaintiff"), and for

21 causes of actions against Defendants, and each of them, alleges as follows:

22                                       I.

23            **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24        1.     Plaintiff WEIDA HAYNES is, and at all times herein mentioned was, an

25 individual residing in the County of San Diego.

26        2.     Defendant UNITED AIR LINES ("UNITED" or "Defendant") is, and at all

27 times herein mentioned was, a Delaware corporation, doing business in the County of San

28 Diego.

_____

                        COMPLAINT FOR DAMAGES
                                  1

                                           EXHIBIT __A__ PAGE __6__

3.      Plaintiff is unaware of the true names and capacities of the defendants designated as DOES 1 through 20, inclusive, and therefore sues such defendants by their fictitious names. Plaintiff will seek leave of this Court, if required, to amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each and every defendant designated herein as a DOE is in some manner liable or responsible for the acts, occurrences and omissions hereinafter set forth, and the damages proximately caused thereby.

4.      Plaintiff is informed and believes, and thereupon alleges, that in acting, or failing to act, as hereinafter set forth, each and every defendant was acting as the agent, servant, employee, principal, master and employer of each remaining co-defendant, within the course and scope of such agency, servitude and employment, and with the express or implied consent, knowledge and ratification of each such remaining co-defendant.

5.      On or about July 9, 2007, Plaintiff became employed with UNITED as a Customer Service Representative ("CSR"). Immediately upon employment, Plaintiff participated in and satisfactorily completed a five-week training period.

6.      On or about November 4, 2007, Plaintiff suffered a back injury which required that she take time off from work. Plaintiff was off work due to her back injury November 19 - 26, 2007, and again December 1 - 6, 2007.

7.      Plaintiff returned to work on or about December 7, 2007 ready and capable to resume her job duties with minimal accommodations.

8.      On or about December 9, 2007, Barbara Fitzsimmons ("Fitzsimmons"), Plaintiff's supervisor, advised Plaintiff that her employment with UNITED would be terminated effective the next day, December 10, 2007. The reason provided to Plaintiff by Fitzsimmons for the termination was that Plaintiff had not successfully completed the probationary period.

9.      Plaintiff is informed and believes, and thereon alleges, that the reason for termination of her employment provided by UNITED was pretext.

////

EXHIBIT  A  PAGE  7

10.    Plaintiff alleges that the real reason that UNITED terminated her employment was to be relieved of its legal duty to accommodate her disability.

11.    In terminating Plaintiff's employment, UNITED discriminated against Plaintiff based on her disability in violation of federal and state statutes prohibiting such discrimination.

12.    Plaintiff has exhausted her administrative requirements by timely filing charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") pursuant to the American with Disabilities Act of 1990 ("ADA"), as codified at 42 USC § 12101, et seq., and pursuant to the Fair Employment and Housing Act ("FEHA") as codified at Cal. Gov. Code § 12940, et seq. The EEOC has issued its "Right To Sue Letter" to Plaintiff, who timely files this action. Plaintiff, therefore, respectfully requests relief and judgment against Defendants, and each of them, as set forth below.

## II.

### FIRST CAUSE OF ACTION

**Employment Discrimination - Disability**

13.    Plaintiff incorporates the allegations of paragraphs 1 through 12, above, as though fully set forth herein.

14.    In or about November 2007. Plaintiff suffered a back injury which required her to take time off from work. Shortly after suffering the back injury, UNITED terminated Plaintiff employment.

15.    UNITED's termination of Plaintiff's employment due to the disability she suffered as a result of the back injury constitutes employment discrimination in violation of the ADA and FEHA statutes, as set forth herein.

16.    Plaintiff is informed and believes and thereon alleges that her disability played a role in Defendants', and each of their, willingness to discriminate against her.

17.    Plaintiff's claim of employment discrimination based on disability is supported by the conduct of Defendants, and each of them, as described herein.

////

---

COMPLAINT FOR DAMAGES

3

18.   As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount yet to be ascertained. Plaintiff will, therefore, seek leave of court to amend this Complaint to allege the exact amount of such damages when the same becomes known to her, or to conform to proof at trial.

19.   As a proximate result of Defendant's, and each of their, willful, knowing and intentional discrimination, Plaintiff has suffered, and continues to suffer, humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in an amount according to proof at trial.

20.   Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future conduct by Defendants, and each of them, and at the Court's discretion.

21.   Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to her, or to conform to proof thereof at trial.

## III.

## SECOND CAUSE OF ACTION

### Employment Discrimination - Failure to Accommodate

22.   Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.   At all times herein alleged, Plaintiff was qualified to perform her work duties with reasonable accommodations.

---

COMPLAINT FOR DAMAGES

4

**EXHIBIT _A_ PAGE _9_**

24. UNITED failed to adopt available measures that were necessary to accommodate Plaintiff's disability, as alleged herein.

25. Plaintiff's claims of failure to accommodate are supported by Defendants', and each of their, conduct as described herein.

26. As a direct, foreseeable and proximate result of the aforementioned conduct by Defendants, and each of them, Plaintiff has suffered, and continues to suffer, losses in earnings, earning capacity and other benefits of employment, all in an amount yet to be ascertained. Plaintiff will, therefore, seek leave of court to amend this Complaint to allege the exact amount of such damages when the same becomes known to hER, or to conform to proof at trial.

27. As a proximate result of Defendant's, and each of their, willful, knowing and intentional discrimination, Plaintiff has suffered, and continues to suffer, humiliation, emotional distress, and mental and physical pain and anguish, all to her damage, in an amount according to proof at trial.

28. Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future conduct by Defendants, and each of them, and at the Court's discretion.

29. Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to her, or to conform to proof thereof at trial.

////

////

////

**COMPLAINT FOR DAMAGES**

5

EXHIBIT __A__ PAGE _10_

## IV.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

30.    Plaintiff incorporate by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.    The conduct of Defendants, and each of them, as set forth herein, was extreme and outrageous to a degree as to be outside the bounds of decency in a civilized society.

32.    The conduct of Defendants, and each of them, was done in reckless disregard and with the intention to cause emotional distress in Plaintiff.

33.    As a result of Defendants', and each of their, extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

34.    The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, extreme and outrageous conduct as set forth herein.

35.    As a direct and proximate cause of Defendants', and each of their, actions, Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and special damages in an amount to be proven at trial.

36.    The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and with the intent to injure Plaintiff. Defendants', and each of their, conduct was extreme and outrageous to such a degree as to entitle Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

## V.

## FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

37.    Plaintiff incorporate by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

EXHIBIT **A** PAGE **11**

38.   The conduct of Defendants, and each of them, as set forth herein, was extreme and outrageous to a degree as to be outside the bounds of decency in a civilized society.

39.   The conduct of Defendants, and each of them, was done in negligent and reckless disregard of the emotional distress caused in Plaintiff.

40.   As a result of Defendants', and each of their, extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

41.   The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, extreme and outrageous conduct as set forth herein.

42.   The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with reckless disregard for Plaintiff's rights.

43.   Defendants', and each of their, wrongful actions taken against Plaintiff were despicable, oppressive, malicious, deliberate, egregious, and inexcusable to a degree such that Plaintiff is entitled to an award of punitive damages in an amount sufficient to discourage future actions by Defendants and others.

WHEREFORE, Plaintiff respectfully requests relief and judgment against Defendants, and each of them, as follows:

1.    For compensatory, special and general damages according to proof at trial;

2.    For punitive damages in an amount sufficient to discourage such future discriminatory actions by Defendants and others, and in the Court's discretion;

3.    For attorneys fees and costs, according to proof at trial; and

4.    For such other and further relief as the Court may deem just and proper.

July ___, 2008                    THE LAW OFFICE OF DOUGLAS E. GEYMAN


By: _____
    Douglas E. Geyman
    Attorney for Plaintiff WEIDA HAYNES

---

COMPLAINT FOR DAMAGES
7

**EXHIBIT _A_ PAGE _12_**

1   38. The conduct of Defendants, and each of them, as set forth herein, was extreme

2 and outrageous to a degree as to be outside the bounds of decency in a civilized society.

3   39. The conduct of Defendants, and each of them, was done in negligent and

4 reckless disregard of the emotional distress caused in Plaintiff.

5   40. As a result of Defendants', and each of their, extreme and outrageous conduct,

6 Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

7   41. The severe emotional distress and mental anguish that Plaintiff has suffered,

8 and continues to suffer, was actually and proximately caused by Defendants', and each of

9 their, extreme and outrageous conduct as set forth herein.

10   42. The acts of Defendants, and each of them, were done with malice, fraud and

11 oppression, and with reckless disregard for Plaintiff's rights.

12   43. Defendants', and each of their, wrongful actions taken against Plaintiff were

13 despicable, oppressive, malicious, deliberate, egregious, and inexcusable to a degree such

14 that Plaintiff is entitled to an award of punitive damages in an amount sufficient to

15 discourage future actions by Defendants and others.

16   WHEREFORE, Plaintiff respectfully requests relief and judgment against

17 Defendants, and each of them, as follows:

18   1. For compensatory, special and general damages according to proof at trial;

19   2. For punitive damages in an amount sufficient to discourage such future

20     discriminatory actions by Defendants and others, and in the Court's discretion;

21   3. For attorneys fees and costs, according to proof at trial; and

22   4. For such other and further relief as the Court may deem just and proper.

23 July 3 \, 2008    THE LAW OFFICE OF DOUGLAS E. GEYMAN

24

25          By: _____

26           Douglas E. Geyman
            Attorney for Plaintiff WEIDA HAYNES

27

28

EXHIBIT A PAGE 13

Pulcario
2008L1T01432

HDQLD
AUG 04 2008

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
UNITED AIRLINES, a Delaware corporation; and DOES 1-20, Inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court

JUL 3 1 2008

By: L. McALISTER, Deputy

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
WIEDA HAYNES, an individual

    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.
    Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
330 West Broadway

CASE NUMBER: 37-2008-00088798-CU-OE-CTL
*(Número del Caso):*

San Diego, CA 92101
Central Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas E. Geyman, Esq.   (SBN 159417)
LAW OFFICE OF DOUGLAS E. GEYMAN
750 B Street, Suite 2635
San Diego, CA 92101

(619) 232-3533   (619) 232-3593

DATE:  JUL 3 1 2008
*(Fecha)*

Clerk, by _____ L. McALISTER _____ , Deputy
       *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Air Lines, a Delaware corporation

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/1/08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions® Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

EXHIBIT **B** PAGE **14**



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Douglas E. Geyman, Esq.  (SBN 159417)<br>LAW OFFICE OF DOUGLAS E. GEYMAN<br>750 B Street, Suite 2635<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 232-3533   FAX NO.: (619) 232-3593<br>ATTORNEY FOR *(Name):* Plaintiff | **F I L E D**<br>Clerk of the Superior Court<br><br>JUL 3 1 2008<br><br>By: L McALISTER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: HAYNES V UNITED AIRLINES

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2008-00088798-CU-OE-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 31, 2008

Douglas E. Geyman, Esq.  (SBN 159417)
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions ® Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT _B_ PAGE _15_

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER  (619) 450-7061 | |
| PLAINTIFF(S) / PETITIONER(S):    Weida Haynes | |
| DEFENDANT(S) / RESPONDENT(S): United Air Lines | |
| HAYNES VS. UNITED AIR LINES | |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00088798-CU-OE-CTL |

Judge:  John S. Meyer                                        Department: C-61

**COMPLAINT/PETITION FILED:** 07/31/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT. IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10, THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

EXHIBIT _B_ PAGE _16_

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00088798-CU-OE-CTL        CASE TITLE: Haynes vs. United Air Lines

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

SDSC Civ-730 (Rev 12-06)

Page 1

1


EXHIBIT *B* PAGE 17

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT _B_ PAGE _18_

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Weida Haynes |
|---|
| DEFENDANT(S): United Air Lines |
| SHORT TITLE: HAYNES VS. UNITED AIR LINES |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00088798-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                          Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____        Date: _____

_____      _____
Name of Plaintiff                      Name of Defendant

_____      _____
Signature                              Signature

_____      _____
Name of Plaintiff's Attorney           Name of Defendant's Attorney

_____      _____
Signature                              Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 07/31/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 [Rev 01-07]

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

3

EXHIBIT *B* PAGE *19*

EXHIBIT C

1  JOHN E. FITZSIMMONS (Bar No. 182467)
   AMY E. BECKSTEAD (Bar No. 216422)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA 92101-4297
   Tel: 619-699-2972
4  Fax: 619-699-2701

5  Attorneys for Defendant
   UNITED AIR LINES, INC. (erroneously sued as UNITED AIR
6  LINES)

FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION
08 AUG 28 PM 4: 30
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  WEIDA HAYNES, an individual,          CASE NO. 37-2008-00088798-CU-OE-CTL

              Plaintiff,                  **ANSWER TO PLAINTIFF'S UNVERIFIED**
12                                        **COMPLAINT**

13     v.                                 Judge:    Hon. John S. Meyer
                                          Dept:     C-61
14  UNITED AIR LINES, a Delaware
    corporation; and DOES 1 - 20, Inclusive,   Complaint:   July 31, 2008
15
              Defendants.
16

17        Defendant United Air Lines, Inc. (erroneously sued as United Air Lines) ("Defendant")

18  answers Plaintiff Weida Haynes' ("Plaintiff") unverified Complaint as follows:

19        Pursuant to California Code of Civil Procedure section 431.30, Defendant denies

20  generally each and every allegation of Plaintiff's unverified Complaint.

21            **SEPARATE AFFIRMATIVE DEFENSES**

22        For a separate and further answer to Plaintiff's unverified Complaint, Defendant alleges

23  on information and belief the following affirmative defenses:

24            **FIRST AFFIRMATIVE DEFENSE**

25              (To All Causes of Action)

26        Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed,

27  refused, or neglected to mitigate or avoid the damages complained of in her Complaint. By

28  /////

-1-
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
LA PIPER US LLP
SAN DIEGO
WEST\21489057.1
41043501-001050
EXHIBIT C PAGE 20

1  reason of the foregoing, Plaintiff is barred in whole or in part from recovering monetary damages

2  from Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

5  Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of

6  limitations, including, but not limited to, California Code of Civil Procedure sections 335.1 and

7  338 and California Government Code section 12960.

### THIRD AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

10  The Complaint, and each cause of action, fails to state facts sufficient to constitute a cause

11  of action.

### FOURTH AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

14  By reason of Plaintiff's conduct, she is barred under the doctrine of unclean hands from

15  all forms of relief sought in her Complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### (To the First and Second Causes of Action)

18  Plaintiff has failed to exhaust the administrative remedies as required by the California

19  Fair Employment and Housing Act, and California Government Code section 12900 *et seq.*, and

20  the Americans with Disabilities Act and, therefore, is barred from maintaining her First and

21  Second Causes of Action against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

24  Plaintiff has engaged in conduct and activities with respect to the subject matter of this

25  dispute by reason of which Plaintiff is estopped to assert any claims or demands against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

28  Plaintiff has failed to state facts sufficient to support an award of punitive damages.

-2-

1

2

## EIGHTH AFFIRMATIVE DEFENSE

(To All Causes of Action)

Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this action, if, and to the extent that any such act is found, recovery of punitive damages against Defendant is unconstitutional under various provisions of the United States Constitution, including, but not limited to, the due process clause of the Fifth Amendment, and section 1 of the Fourteenth Amendment. In addition, the recovery of punitive damages against Defendant is unconstitutional under various provisions of the California Constitution, including, but not limited to, the excessive fines clause of section 17 of Article I and the due process clause of section 1 of Article I.

## NINTH AFFIRMATIVE DEFENSE

(To All Causes of Action)

Plaintiff's Complaint, and each and every cause of action contained within, fails due to the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

(To All Causes of Action)

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the exclusive remedy of the California Workers' Compensation Act. Cal. Lab. Code § 3600 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

(To all Causes of Action)

Plaintiff's Complaint and each cause of action pled therein are barred to the extent that Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to Plaintiff's termination, would have created additional grounds or bases for a decision to discharge Plaintiff. As a matter of law, the after-acquired evidence doctrine bars Plaintiff's recovery for such claims and/or cuts off damages for such claims.

/////

/////

-3-

LA PIPER US LLP
SAN DIEGO

WEST\21489057.1
41043501-001050

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT___C___PAGE__22__

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

(To All Causes of Action)

3      Plaintiff's Complaint and each cause of action pled therein are barred because any alleged

4   actions or decisions by Defendant taken with respect to Plaintiff's employment were legitimate

5   and non-discriminatory.  In other words, any actions or decisions of Defendant taken with respect

6   to Plaintiff were made regardless of Plaintiff's alleged protected status under the FEHA and

7   ADA, or any other statute.  Any alleged actions taken against Plaintiff would have been taken

8   notwithstanding Plaintiff's alleged protected status or alleged protected action.

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10

(To All Causes of Action)

11      Plaintiff's Complaint, and each cause of action contained within, are barred to the extent

12   that Plaintiff seeks punitive damages because, at all relevant times, Defendant had a written

13   policy that specifically forbids discriminatory practices and these policies were implemented in

14   good faith.  Plaintiff was aware of these policies, but failed to take advantage of them, even

15   though Plaintiff knew such policies were intended to prevent and/or remedy any unlawful

16   discrimination.  Plaintiff failed to exhaust the internal remedies available to her to address and

17   resolve her pending claims.

18

**FOURTEENTH AFFIRMATIVE DEFENSE**

19

(To All Causes of Action)

20      Plaintiff's Complaint and each purported cause of action alleged therein are barred on the

21   grounds that they are preempted by the Railway Labor Act (the "RLA"), 45 U.S.C. § 151, *et seq.*

22

**FIFTEENTH AFFIRMATIVE DEFENSE**

23

(To the Second Cause of Action)

24      Upon information and belief, Plaintiff failed to notify and/or request a reasonable

25   accommodation from Defendant and therefore is barred from maintaining her Second Cause of

26   Action.

27   /////

28   /////

-4-

WEST\21489057.1
41043501-001050

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**EXHIBIT** _C_ **PAGE** 23

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(To the Second Cause of Action)

3    Upon information and belief, Plaintiff failed to engage in the interactive process with

4    Defendant, and therefore is barred from maintaining her Second Cause of Action.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

(To the Second Cause of Action)

7    Upon information and belief, to the extent Plaintiff is deemed to have requested a

8    reasonable accommodation, Plaintiff's requested accommodation would have created an undue

9    hardship to the operation of Defendant's business.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

(To the Second Cause of Action)

12    Upon information and belief, to the extent Plaintiff is deemed to have requested an

13    accommodation to her alleged disability, Plaintiff's requested accommodation was unreasonable.

14

## NINETEENTH AFFIRMATIVE DEFENSE

15

(To the Second Cause of Action)

16    Upon information and belief, to the extent Plaintiff is deemed to have requested an

17    accommodation to her alleged disability, Defendant made a good faith effort to consult with

18    Plaintiff and to identify and make a reasonable accommodation, preventing Plaintiff's recovery of

19    compensatory damages under the ADA.

20

## TWENTIETH AFFIRMATIVE DEFENSE

21

(To the Third Cause of Action)

22    Plaintiff's Third Cause of Action for intentional infliction of emotional distress fails as

23    Plaintiff has failed to plead this cause of action with the required specificity. *Michaelian v. State*

24    *Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1113-14 (1996).

25    /////

26    /////

27    /////

28    /////

-5-

LA PIPER US LLP
SAN DIEGO

WEST\21489057.1
41043501-001050

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT____C____PAGE__27__

1    WHEREFORE, this answering Defendant prays that:

2    1.    Plaintiff be denied relief by way of her Complaint;

3    2.    Plaintiff's Complaint be dismissed with prejudice;

4    3.    Defendant be dismissed with its costs of suit and attorneys' fees, pursuant to all

5    applicable statutes, including but not limited to California Government Code section 12965, 42

6    United States Code sections 12117(a), 12133, 2000e–5(k), and 29 United States Code section

7    794a(b); and

8    4.    For such other and further relief as the Court deems proper.

9

10    Dated: August 28, 2008

11                                                    DLA PIPER US LLP

12

13    By _____

14        JOHN E. FITZSIMMONS
          AMY E. BECKSTEAD
          Attorneys for Defendant
15        UNITED AIR LINES, INC. (erroneously sued as
          UNITED AIR LINES)

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CIVIL BUSINESS OFFICE 37
CENTRAL DIVISION

28 AUG 28...

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**PROOF OF SERVICE**

1

2      I am a resident of the state of California, over the age of eighteen years, and not a party to
the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San

3    Diego, California 92101-4297. On August 28, 2008, I served the within documents:

4                    **ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

5
         ☐        by transmitting via facsimile the document(s) listed above to the fax number(s)
6                 set forth below on this date before 5:00 p.m.

7        ☒        by placing the document(s) listed above in a sealed envelope with postage
                  thereon fully prepaid, in the United States mail at San Diego, California
8                 addressed as set forth below.

9        ☐        by personally delivering the document(s) listed above to the person(s) at the
                  address(es) set forth below.

10   Douglas E. Geyman, Esq.
     Law Office of Douglas E. Geyman
11   750 B Street, Suite 2635
     San Diego, CA 92101
12   Telephone:    619-232-3533
     Facsimile:    619-232-3593
13

14      I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
15   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
16   meter date is more than one day after date of deposit for mailing in affidavit.

17      I declare under penalty of perjury under the laws of the state of California that the above is
     true and correct.

18      Executed on August 28, 2008, at San Diego, California.

19

20                              *Donna C. Bennett*
                                _____
21                              Donna C. Bennett

22

23

24

25

26

27

28

                                        -7-

DLA PIPER US LLP
SAN DIEGO

WEST\21489057.1
41043501-001050

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT___C___PAGE__26

**PROOF OF SERVICE**

    I am a resident of the state of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On August 29, 2008, I served the within documents:

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT BY DEFENDANT UNITED AIR LINES, INC.

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Douglas E. Geyman, Esq.
Law Office of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, CA 92101
Telephone:  619-232-3533
Facsimile:  619-232-3593

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

    Executed on August 29, 2008, at San Diego, California.

_____
Donna C. Bennett

DLA PIPER US LLP
SAN DIEGO

WEST\21489265.1
41043501-001050

CASE NO. _____
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
WEIDA HAYNES

**DEFENDANTS**
UNITED AIR LINES, INC.

FILED

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

2008 AUG 29 AM 10: 49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Douglas E. Geyman, Esq.
Law Office of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, CA 92101
Phone: 619-232-3533; Fax: 619-232-3593

'08 CV 1587 JLS POR

Attorneys (If Known)
John E. Fitzsimmons, Esq.; Amy E. Beckstead, Esq.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Phone: 619-699-2700; Fax: 619-699-2701

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities— Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C Sections 1332, 1441 & 1446 & 42 U.S.C Section 12101
Brief description of cause:
Disability discrimination under the ADA

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
August 29, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 154543    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AC  8/29/08

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154543    — TC**

**August 29, 2008
10:52:39**

**Civ Fil Non-Pris**
USAO #.: 08CV1587
Judge..: JANIS L. SAMMARTINO
Amount.:
Check#.: BC784592                    $350.00 CK

**Total—>    $350.00**

FROM: WEIDA HAYNES
       VS
       UNITED AIRLINES